**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Roy Campbell, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:03-1402-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On April 21, 2003, under 28 U.S.C. § 2255, Roy Campbell ("petitioner") commenced this pro se action attacking his guilty plea and sentence. On June 7, 2004, the government filed an answer to the petition and moved for summary judgment. On July 22, 2004, the government filed an amended answer to the petition. On August 16, 2004, the petitioner responded to the government's motion for summary judgment. This matter is now before the Court for disposition.

On August 18, 2000, a grand jury charged the petitioner for having a prior conviction for a felony drug offense and conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine. On December 11, 2000, the petitioner pled guilty to the charge. On June 25, 2001, the Court sentenced the petitioner to 210 months confinement followed by five years of supervised release. The petitioner appealed his guilty plea and sentence to the Fourth Circuit Court of Appeals. On appeal, the petitioner raised four issues: (1) an involuntary guilty plea, (2) the Court erred in determining the drug quantity for which he was held liable, (3) the Court erred in finding he possessed a firearm during the course of his drug offense, and (4) the Court erred in denying the petitioner credit for acceptance of responsibility. On May 20, 2002, the Court of

Appeals reviewed these issues and affirmed the petitioner's guilty plea and sentence.

The petitioner raises four claims in his petition: (1) ineffective assistance of counsel for misstating the amount of drugs that would be attributed to him if he pled guilty, (2) ineffective assistance of counsel during his plea bargain and direct appeal for advising the petitioner to plead guilty and not go to trial, (3) ineffective assistance of counsel for failing to effectively argue these issues on direct appeal, and (4) his sentence violates the principles set forth in Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004).

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness.  Id. at 687-88.  Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice.  The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985).  With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

First, the petitioner claims that counsel advised him that upon pleading guilty, the government would attribute 20 grams of crack and 7 grams of cocaine to him, which mandated a sentence of 10 years or less instead of the 50 grams for which he was actually given credit.  The petitioner claims counsel's mistaken assertion caused him to plead guilty.

A grand jury charged the petitioner in an indictment for conspiring to possess 50 grams or more of crack cocaine.  The petitioner's counsel states in an affidavit filed in the case that he supplied the petitioner with the indictment and numerous pages of discovery before the petitioner pled guilty.  A Magistrate Judge also informed the petitioner at a detention hearing that he was charged with conspiracy to possess 50 grams or more of crack cocaine and that this charge carried a minimum sentence of 10 years and a maximum sentence of life in prison.

At the guilty plea hearing, the Court advised the petitioner of the maximum penalty he faced if found guilty of the offense charged, which was life imprisonment.  While the government misstated that the mandatory minimum was 5 years, the Court explained to the

petitioner that the Court could not tell him what penalty he faced within the statutory maximum.[1] Notably, the petitioner does not allege that the misstatement of the mandatory minimum at the guilty plea hearing influenced his decision to plead guilty. Moreover, the Court advised the petitioner that he would be sentenced pursuant to the guidelines. Finally, the Court advised the petitioner that his guilty plea cannot be the result of coercion, threats, or promises other than the promises in the petitioner's plea agreement. The Court then asked the petitioner if his plea was voluntary with no coercion, threats, or promises and the petitioner replied "yes sir." The petitioner's conclusory allegations of an involuntary guilty plea are not sufficient to overcome solemn declarations made in open court at a guilty plea hearing. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Furthermore, at the petitioner's guilty plea hearing, the Court recited the charges in the indictment directly to the petitioner and explained the drug quantity in the indictment. After explaining the charges against the petitioner, the Court asked the petitioner if he understood, and the petitioner replied that he did. The government also presented evidence that the petitioner attempted to distribute two and one-half ounces of crack cocaine. The Court then asked the

---

[1] The Fourth Circuit Court of Appeals has held that when there is no evidence that a defendant knows the mandatory minimum a charge carries and the Court fails to inform the defendant, a guilty plea may be set aside. United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995)(applied harmless error analysis to district court's failure to advise defendant regarding mandatory minimum in violation of Rule 11(b)(1)(I) of the Federal Rules of Criminal Procedure). The defendant in Goins, however, was challenging the adequacy of his guilty plea on direct review. Here, the petitioner is collaterally attacking his guilty plea. The interest in the finality of convictions through a disposition by guilty plea is strong. See Blackledge v. Allison, 431 U.S. 63, 71 (1977). Moreover, evidence exists that the petitioner knew the mandatory minimum penalty his guilty plea carried. The petitioner was notified that his charge carried a 10 year minimum at his detention hearing. In addition, the Court warned the petitioner at his guilty plea hearing that he faced up to life in prison and the Court could not tell him what penalty he faced within the statutory maximum.

petitioner if he disagreed with the agent's testimony and the petitioner replied that did not.

In addition, the Fourth Circuit Court of Appeals addressed the petitioner's claim that his plea was involuntary because he was not sufficiently informed of the drug quantity for which he was liable. The Court of Appeals reviewed the petitioner's claim *de novo* and found that the petitioner was repeatedly informed of his liability for an excess of 50 grams of crack cocaine and acknowledged this liability at his guilty plea colloquy. Absent unusual circumstances, a petitioner may not collaterally attack issues which have been litigated and resolved on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).[2] The petitioner fails to demonstrate that he pled guilty based on counsel's ineffective representation, and the petitioner, consequently, cannot establish that counsel's representation prejudiced him. The petitioner is not entitled to relief on this claim.

Second, the petitioner claims that counsel was ineffective for allowing him to plead guilty when the government did not have sufficient evidence to convict him of a conspiracy to possess and distribute crack cocaine. At the petitioner's guilty plea hearing, an agent testified that in a recorded conversation, the petitioner and an individual named "Gam" negotiated a deal with an informant to purchase two and one-half ounces of crack, although the deal was not consummated.[3] The agent also testified that the petitioner met an informant to purchase crack cocaine, but the petitioner left before he completed the deal. The petitioner contends that he neither possessed nor intended to sell crack, rather, he intended to rob the informant. The

---

[2] This opinion did not address whether the petitioner knew the mandatory punishment the charge carried.

[3] A defendant does not have to complete a drug transaction to be guilty of conspiracy. See United States v. Molovinsky, 688 F.2d 243, 247 (4th Cir. 1982).

petitioner, however, denied having a gun at the time he supposedly intended to rob the informant.  Furthermore, after the agent testified, the Court asked the petitioner if he disagreed with the agent's statement.  The petitioner responded that he did not.

At the petitioner's guilty plea hearing, the Court described to the petitioner what a conspiracy was and then asked the petitioner if he understood.  The petitioner replied that he understood.  In addition, the petitioner's counsel states in an affidavit that he provided the petitioner with numerous pages of discovery, and after discussing the case with the petitioner, they decided it was in his best interest to plead guilty.

The petitioner understood the charges to which he pled guilty, and the petitioner fails to demonstrate that the government lacked sufficient evidence to convict him.  The petitioner has not shown that counsel was deficient for advising him to plead guilty or that counsel's representation prejudiced him, and he is not entitled to relief on this claim.

Third, the petitioner claims ineffective assistance of counsel on direct appeal for not raising the issues the petitioner raises in this action.  As explained above, the issues the petitioner raises in his petition are without merit.  The petitioner's appellate counsel states in an affidavit that he consulted with the petitioner concerning the issues to be raised on appeal.  Appellate counsel raised the issues on appeal which he considered to have merit.  Counsel's failure to raise a claim without merit is not ineffective assistance.  See Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994); see also  United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  The petitioner is not entitled to relief on this claim.

Finally, the petitioner claims that his sentence violates the principles set forth in  Blakely v. Washington, 124 S. Ct. 2531 (2004).  Recently, the United States Supreme Court reaffirmed

those principles.  See United States v. Booker, 125 S. Ct. 738 (2005).  The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).  Here, the petitioner's case has run its course and his conviction and sentence became final in 2002, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding."  Id.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED**.

                                                      *C. Weston Houck*

                                                      **C. WESTON HOUCK**
                                                      **UNITED STATES DISTRICT JUDGE**

May 11, 2005
Charleston, South Carolina